**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

Charles E. Butler
Resident Judge

Leonard L. Williams Courthouse
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0656

Submitted: September 28, 2020
Decided: November 20, 2020

Kelly Sheridan, Deputy Attorney General
Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

Kevin J. O'Connell, Assistant Public Defender
Office of Defense Services
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

> Re: ***State v. Joseph Jones***
> **I.D. No.: 1712008278**
> **Defendant's Motion for Reduction of Sentence –**
> **DENIED.**

Counsel:

This is the Court's ruling on Defendant's motion to reduce the sentence imposed on December 4, 2018. The gist of the motion is that the defendant's sentence was outside the mainstream of sentences imposed for the crimes to which he pled guilty.

1

The facts giving rise to the charge to which the defendant pled guilty involve his repeated sexual assaults against his then 7 year old daughter. These included viewing pornography with her, licking her vagina, having her masturbate him and raping her. When interviewed by the police, Jones said it was an addiction "like robbing a bank" and that he "could not stop himself."

The Defendant was indicted for three counts of Rape in the First Degree and one count of Continuous Sexual Abuse of a Child. Rape in the First Degree is a Class A felony and carries 15 years to life imprisonment.[1] Continuous Sexual Abuse of a Child is a Class B felony, which carries 2 to 25 years' imprisonmnent.[2] Thus, had this matter gone to trial and the verdict gone badly for the defendant, his sentencing risk was 3 life sentences plus 25 years in jail, with a minimum mandatory of 47 years.

One unusual feature of the Criminal Code is found at 11 Del. C. §4205A, which upends the usual pattern of sentencing in sex offense cases where the victim is less than 14 years old. In such cases, "upon the State's application," the Court "shall" sentence the defendant to "not less than 25 years up to life imprisonment to be served at Level V..." Unlike the habitual offender statute which requires a formal

---

[1] 11 Del. C. §773, 11 Del. C. §4205(b)(1).
[2] 11 Del. C. §776, 11 Del. C. §4205(b)(2).

petition by the State,[3] the Court must impose a mandatory 25 year sentence upon a mere "application" by the State.

The defendant pled guilty to a single count of continuous sexual abuse of a child, a Class B Felony. In the plea agreement, the defendant specifically acknowledged that he was subject to sentencing under section 4205A by reason of the fact that the victim was under 14 years of age. The defense has not raised, and the Court does not question, that the State's reference to sentencing under section 4205A in the plea agreement constitutes an "application" for the 25 year mandatory sentence under its provision.

Thus, at the time of sentence, the minimum sentence to which the defendant was not the 2 years normally applicable to a guilty plea to continuous sexual abuse of child. It was 25 years. In his Rule 35 motion, defendant has annexed a digest of numerous sentences imposed for continuous sexual abuse of child under 11 Del. C. §776. These comparisons, however, are inapposite. Defendant was sentenced pursuant to 11 Del. C. §4205A, not section 776.[4]

---

[3] 11 Del. C. §4214(a).

[4] The parties have not presented the Court with a catalog of sentences under section 4205A. The section 776 cases presented by defendant do reflect victims under age 14, but not sentenced under section 4205A. The Court has no way of knowing how and why the state only sometimes seeks sentencing pursuant to section 4205A when children under 14 are sexually assaulted. There is no claim that the disparate consequences wrought by the application of 4205A versus 776 are legally cognizable and one may fairly suspect the reasons for the disparate treatment are myriad. Thus the Court must confine its review to whether sentencing of this

3

While cases sentenced under section 776 are not a fair comparison, the Court is well aware of the minimum mandatory minefield present in a case like this. Defendant had sexual intercourse on multiple occasions with his seven year old daughter. Each such rape carried a mandatory sentence of at least 15 years. Indicted on 3 counts as the defendant was, a mandatory sentence of 45 years would have been a foregone conclusion. Had the state not applied for the enhanced sentence under section 4205A, the defendant faced a total *minimum* sentence of 47 years. Thus, the 25 year mandatory minimum of section 4205A represented a "deal" over the minimum sentence in the indictment.

The parties did not negotiate a minimum floor or maximum cap to the sentence expected. The absence of such strictures left the matter of the number of years beyond 25, if any, to the judgement of the Court, guided by the presentence investigation.

A motion for sentence modification under D.R. Crim. P. Rule 35 is committed to the sound discretion of the Court. While the State is barred from requesting a sentence increase *post facto*, the defendant may ask the Court to reconsider whether the sentence may have been too harsh.

defendant for these crimes was an appropriate exercise of the Court's sentencing discretion.

4

As mentioned, the parties did not agree to a sentence, or to a sentencing cap. The only thing agreed was that the defendant would receive at least 25 years in prison. That was for having sex with a child of under 14 years. In other words, the 25 years must be imposed on anyone having sex with a child under 14 for whom the state seeks application of section 4205A. Here, the defendant's victimization of his own daughter, coupled with his confession that he felt himself powerless to abstain and that she was a willing participant all coalesced to aggravate this case beyond that called for by the mandatory sentence bargained by the parties.

Defendant's daughter will never forget what her father did to her. Her wounds are not like a cut or a broken bone. Things can be replaced, repaired, put back in place. A psyche is a different matter. One can only hope that years of therapy and support will help this child learn to live with the scars her father has left her with. Which is to say nothing of the indirect victims, the defendant's wife and the extended family, all of whom are likewise scarred by defendant's decisions.

The Court has reconsidered the sentence in the cool of the evening and remains convinced that the sentence was just and fair under all the circumstances. The defendant's motion for reduction is therefore **DENIED**.

**IT IS SO ORDERED**.

Charles E. Butler, Resident Judge

5